# APPLICATION FOR FEDERAL ASSISTANCE

OMB Approval No. 0348-0043

| 2. DATE SUBMITTED | Applicant Identifier |
|---|---|
| Sept. 6, 1991 | |

| 3. DATE RECEIVED BY STATE | State Application Identifier |
|---|---|

**TYPE OF SUBMISSION:**

| Application | Preapplication |
|---|---|
| ☒ Construction | ☐ Construction |
| ☐ Non-Construction | ☐ Non-Construction |

| 4. DATE RECEIVED BY FEDERAL AGENCY | Federal Identifier |
|---|---|
| | (b) (4) |

## 5. APPLICANT INFORMATION

Legal Name:
City of Boulder, Colorado

Organizational Unit:
City of Boulder

Address (give city, county, state, and zip code):
City of Boulder
P.O. Box 791, 1739 Broadway
Boulder, Colorado 80306

Name and telephone number of the person to be contacted on matters involving this application (give area code):
Mr. Glenn Carriere, Project Manager
(303) 441-3266

6. EMPLOYER IDENTIFICATION NUMBER (EIN):
(b) (4)  G

7. TYPE OF APPLICANT: (enter appropriate letter in box)  **C**

- A  State
- B  County
- C  Municipal
- D  Township
- E  Interstate
- F  Intermunicipal
- G  Special District
- H  Independent School Dist.
- I  State Controlled Institution of Higher Learning
- J  Private University
- K  Indian Tribe
- L  Individual
- M  Profit Organization
- N  Other (Specify):

8. TYPE OF APPLICATION:

☒ New    ☐ Continuation    ☐ Revision

If Revision, enter appropriate letter(s) in box(es): ☐ ☐

- A  Increase Award
- B  Decrease Award
- C  Increase Duration
- D  Decrease Duration
- Other (specify):

9. NAME OF FEDERAL AGENCY:
Federal Aviation Administration

10. CATALOG OF FEDERAL DOMESTIC ASSISTANCE NUMBER: 2 0 . 1 0 6

TITLE: Airport Improvements Program

11. DESCRIPTIVE TITLE OF APPLICANT'S PROJECT:
Realign Parallel Taxiway "A" to Runway 8/26 (with fill) and Rehabilitate and Expand T-Hangar Apron

Grant executed 9/20/91

12. AREAS AFFECTED BY PROJECT (cities, counties, states, etc.):
City of Boulder and Boulder County

## 13. PROPOSED PROJECT

| Start Date | Ending Date |
|---|---|
| July 1991 | July 1992 |

## 14. CONGRESSIONAL DISTRICTS OF:

| a. Applicant | b. Project |
|---|---|
| 2nd | 2nd |

## 15. ESTIMATED FUNDING:

| | | |
|---|---|---|
| a. Federal | $ | 653,454 .00 |
| b. Applicant | $ | 75,606 .00 |
| c. State | $ | .00 |
| d. Local | $ | .00 |
| e. Other | $ | .00 |
| f. Program Income | $ | .00 |
| g. TOTAL | $ | 729,060 .00 |

16. IS APPLICATION SUBJECT TO REVIEW BY STATE EXECUTIVE ORDER 12372 PROCESS?

a. YES  THIS PREAPPLICATION/APPLICATION WAS MADE AVAILABLE TO THE STATE EXECUTIVE ORDER 12372 PROCESS FOR REVIEW ON

DATE  July 24, 1986

b. NO ☐ PROGRAM IS NOT COVERED BY E.O. 12372

☐ OR PROGRAM HAS NOT BEEN SELECTED BY STATE FOR REVIEW

17. IS THE APPLICANT DELINQUENT ON ANY FEDERAL DEBT?

☐ Yes  If "Yes," attach an explanation.    ☒ No

18. TO THE BEST OF MY KNOWLEDGE AND BELIEF, ALL DATA IN THIS APPLICATION/PREAPPLICATION ARE TRUE AND CORRECT, THE DOCUMENT HAS BEEN DULY AUTHORIZED BY THE GOVERNING BODY OF THE APPLICANT AND THE APPLICANT WILL COMPLY WITH THE ATTACHED ASSURANCES IF THE ASSISTANCE IS AWARDED.

| a. Typed Name of Authorized Representative | b. Title | c. Telephone number |
|---|---|---|
| Stephen T. Honey | City Manager | (303) 441-3090 |

d. Signature of Authorized Representative: (b) (6)

e. Date Signed: 9/12/91

Previous Editions Not Usable

Standard Form 424 (REV 4-88)
Prescribed by OMB Circular A-102

Authorized for Local Reproduction

OMB Approval No. 0348-0043

# APPLICATION FOR FEDERAL ASSISTANCE

| 2. DATE SUBMITTED | Applicant Identifier |
|---|---|
| Sept. 6, 1991 | |
| **3. DATE RECEIVED BY STATE** | State Application Identifier |
| **4. DATE RECEIVED BY FEDERAL AGENCY** | Federal Identifier |

**1. TYPE OF SUBMISSION:**

| Application | Preapplication |
|---|---|
| ☒ Construction | ☐ Construction |
| ☐ Non-Construction | ☐ Non-Construction |

**5. APPLICANT INFORMATION**

| Legal Name: | Organizational Unit: |
|---|---|
| City of Boulder, Colorado | City of Boulder |

| Address (give city, county, state, and zip code): | Name and telephone number of the person to be contacted on matters involving this application (give area code) |
|---|---|
| City of Boulder | Mr. Glenn Carriere, Project Manager |
| P.O. Box 791, 1739 Broadway | (303) 441-3266 |
| Boulder, Colorado 80306 | |

**6. EMPLOYER IDENTIFICATION NUMBER (EIN):**

(b) (4) G

**7. TYPE OF APPLICANT:** (enter appropriate letter in box) ☐ C

| A. State | H. Independent School Dist. |
|---|---|
| B. County | I. State Controlled Institution of Higher Learning |
| C. Municipal | J. Private University |
| D. Township | K. Indian Tribe |
| E. Interstate | L. Individual |
| F. Intermunicipal | M. Profit Organization |
| G. Special District | N. Other (Specify): |

**8. TYPE OF APPLICATION:**

☒ New   ☐ Continuation   ☐ Revision

If Revision, enter appropriate letter(s) in box(es): ☐ ☐

A. Increase Award   B. Decrease Award   C. Increase Duration
D. Decrease Duration   Other (specify):

**9. NAME OF FEDERAL AGENCY:**

Federal Aviation Administration

**10. CATALOG OF FEDERAL DOMESTIC ASSISTANCE NUMBER:** 2 0 . 1 0 6

TITLE: Airport Improvements Program

**11. DESCRIPTIVE TITLE OF APPLICANT'S PROJECT:**

Realign Parallel Taxiway "A" to Runway 8/26 (with fill) and Rehabilitate and Expand T-Hangar Apron

**12. AREAS AFFECTED BY PROJECT** (cities, counties, states, etc.):

City of Boulder and Boulder County

**13. PROPOSED PROJECT**

**14. CONGRESSIONAL DISTRICTS OF:**

| Start Date | Ending Date | a. Applicant | b. Project |
|---|---|---|---|
| July 1991 | July 1992 | 2nd | 2nd |

**15. ESTIMATED FUNDING:**

| | | |
|---|---|---|
| a. Federal | $ | 653,454.00 |
| b. Applicant | $ | 75,606.00 |
| c. State | $ | .00 |
| d. Local | $ | .00 |
| e. Other | $ | .00 |
| f. Program Income | $ | .00 |
| g. TOTAL | $ | 729,060.00 |

**16. IS APPLICATION SUBJECT TO REVIEW BY STATE EXECUTIVE ORDER 12372 PROCESS?**

a. YES   THIS PREAPPLICATION/APPLICATION WAS MADE AVAILABLE TO THE STATE EXECUTIVE ORDER 12372 PROCESS FOR REVIEW ON

DATE   July 24, 1986

b. NO   ☐ PROGRAM IS NOT COVERED BY E.O. 12372

☐ OR PROGRAM HAS NOT BEEN SELECTED BY STATE FOR REVIEW

**17. IS THE APPLICANT DELINQUENT ON ANY FEDERAL DEBT?**

☐ Yes   If "Yes," attach an explanation.   ☒ No

**18. TO THE BEST OF MY KNOWLEDGE AND BELIEF, ALL DATA IN THIS APPLICATION/PREAPPLICATION ARE TRUE AND CORRECT, THE DOCUMENT HAS BEEN DULY AUTHORIZED BY THE GOVERNING BODY OF THE APPLICANT AND THE APPLICANT WILL COMPLY WITH THE ATTACHED ASSURANCES IF THE ASSISTANCE IS AWARDED.**

| a. Typed Name of Authorized Representative | b. Title | c. Telephone number |
|---|---|---|
| Stephen T. Honey | City Manager | (303) 441-3090 |
| d. Signature of Authorized Representative | | e. Date Signed |
| (b) (6) | | 9/12/91 |

Previous Editions Not Usable

ATBJV

Authorized for Local Reproduction

Standard Form 424   (REV 4-88)
Prescribed by OMB Circular A-102

DEPARTMENT OF TRANSPORTATION · ( :RAL AVIATION ADMINISTRATION

OMB NO 80-R0184

## PART II

## PROJECT APPROVAL INFORMATION
### SECTION A

---

**Item 1.**
Does this assistance request require State, local, regional, or other priority rating?

Name of Governing Body _____
Priority Rating _____

_____ Yes ___X___ No

---

**Item 2.**
Does this assistance request require State, or local advisory, educational or health clearances?

Name of Agency or
Board _____

_____ Yes ___X___ No  (Attach Documentation)

---

**Item 3.**
Does this assistance request require clearinghouse review in accordance with OMB Circular A-95?

(Attach Comments)
This was done under the Preapplication submittal (October, 1990)

_____ Yes ___X·___ No

---

**Item 4.**
Does this assistance request require State, local, regional or other planning approval?

Name of Approving Agency _____
Date _____

_____ Yes ___X___ No

---

**Item 5.**
Is the proposed project covered by an approved comprehensive plan?

Check one:  State  ⌐¯
Local  ⌐X¯  Airport Master Plan
Regional  ⌐_¯

___X___ Yes _____ No  Location of plan _____ City of Boulder

---

**Item 6.**
Will the assistance requested serve a Federal installation?

Name of Federal Installation _____

_____ Yes ___X___ No  Federal Population benefiting from Project _____

---

**Item 7.**
Will the assistance requested be on Federal land or installation?

Name of Federal Installation _____
Location of Federal Land _____

_____ Yes ___X___ No  Percent of Project _____

---

**Item 8.**
Will the assistance requested have an impact or effect on the environment?

See instruction for additional information to be provided.

_____ Yes ___X___ No

---

**Item 9.**
Will the assistance requested cause the displacement of individuals families, businesses, or farms?

Number of:
Individuals _____
Families _____
Businesses _____
Farms _____

_____ Yes ___X___ No

---

**Item 10.**
Is there other related Federal assistance on this project previous, pending, or anticipated?

See instructions for additional information to be provided.

_____ Yes ___X___ No

---

DEPARTMENT OF TRANSPORTATION — FEDERAL AVIATION ADMINISTRATION                    OMB NO. 04-R0209

## PART II · SECTION C

The Sponsor hereby represents and certifies as follows:

1. Compatible Land Use.—The Sponsor has taken the following actions to assure compatible usage of land adjacent to or in the vicinity of the airport:

    A.   Current Airport Master Plan on file.
    B.   City Council recently adopted ordinance to enforce FAR Part 77 Criteria

2. Defaults.—The Sponsor is not in default on any obligation to the United States or any agency of the United States Government relative to the development, operation, or maintenance of any airport, except as stated herewith:

None

3. Possible Disabilities.—There are no facts or circumstances (including the existence of effective or proposed leases, use agreements or other legal instruments affecting use of the Airport or the existence of pending litigation or other legal proceedings) which in reasonable probability might make it impossible for the Sponsor to carry out and complete the Project or carry out the provisions of Part V of this Application, either by limiting its legal or financial ability or otherwise, except as follows:

None

4. Land.—(a) The Sponsor holds the following property interest in the following areas of land* which are to be developed or used as part of or in connection with the Airport, subject to the following exceptions, encumbrances, and adverse interests, all of which areas are identified on the aforementioned property map designated as Exhibit "A":

See attached Exhibit "A"

---

*State character of property interest in each area and list and identify for each all exceptions, encumbrances, and adverse interests of every kind and nature, including liens, easements, leases, etc. The separate areas of land need only be identified here by the area numbers shown on the property map.

DEPARTMENT OF TRANSPORTATION — FEDERAL AVIATION ADMINISTRATION                    OMB NO. 04-R0209

## PART II · SECTION C (Continued)

The Sponsor further certifies that the above is based on a title examination by a qualified attorney or title company and that such attorney or title company has determined that the Sponsor holds the above property interests.

(b)  The Sponsor will acquire within a reasonable time, but in any event prior to the start of any construction work under the Project, the following property interest in the following areas of land* on which such construction work is to be performed, all of which areas are identified on the aforementioned property map designated as Exhibit "A":

N/A

(c)  The Sponsor will acquire within a reasonable time, and if feasible prior to the completion of all construction work under the Project, the following property interest in the following areas of land* which are to be developed or used as part of or in connection with the Airport as it will be upon completion of the Project, all of which areas are identified on the aforementioned property map designated as Exhibit "A":

N/A

5.  Exclusive Rights.—There is no grant of an exclusive right for the conduct of any aeronautical activity at any airport owned or controlled by the Sponsor except as follows:

N/A

*State character of property interest in each area and list and identify for each all exceptions, encumbrances, and adverse interests of every kind and nature, including liens, easements, leases, etc. The separate areas of land need only be identified here by the area numbers shown on the property map.

FAA Form 5100—100 (4-76)                                                          Page 3b

DEPARTMENT OF TRANSPORTATION · FEDERAL AVIATION ADMINISTRATION

## PART III – BUDGET INFORMATION – CONSTRUCTION

### SECTION A – GENERAL

Federal Domestic Assistance Catalog No. . . . . . . . . . . . . _____ 20.106

2. Functional or Other Breakout . . . . . . . . . . . . . . . . . . _____ N/A

### SECTION B – CALCULATION OF FEDERAL GRANT

| Cost Classification | Use only for revisions | | Total Amount Required |
|---|---|---|---|
| | Latest Approved Amount | Adjustment + or (-) | |
| 1.  Administration expense | $ | $ | $  3,000 |
| 2.  Preliminary expense | | | |
| 3.  Land, structures, right-of-way | | | |
| 4.  Architectural engineering basic fees | | | 47,752 |
| 5.  Other architectural engineering fees  Testing, ALP, DBE, Exhibit "A", Survey | | | 30,078 |
| 6.  Project inspection fees | | | 48,929 |
| 7.  Land development | | | |
| 8.  Relocation Expenses | | | |
| 9.  Relocation payments to Individuals and Businesses | | | |
| 10.  Demolition and removal | | | |
| 11.  Construction and project improvement | | | 599,301 |
| 12.  Equipment | | | |
| 13.  Miscellaneous | | | |
| 14.  Total (Lines 1 through 13) | | | 729,060 |
| 15.  Estimated Income (if applicable) | | | |
| 16.  Net Project Amount (Line 14 minus 15) | | | |
| 17.  Less: Ineligible Exclusions   (Extended Warranty)  3 yr | | | 3,000 |
| 18.  Add: Contingencies | | | |
| 19.  Total Project Amt. (Excluding Rehabilitation Grants) | | | 726,060 |
| 20.  Federal Share requested of Line 19     90% | | | 653,454 |
| 21.  Add Rehabilitation Grants Requested (100 Percent) | | | |
| 22.  Total Federal grant requested (Lines 20 & 21) | | | 653,454 |
| 23.  Grantee share  10% plus non-eligible costs | | | 75,606 |
| 24.  Other shares | | | |
| 25.  Total project (Lines 22, 23 & 24) | $ | $ | $  729,060 |

FAA Form 5100-100 (6-73) SUPERSEDES FAA FORM 5100-10 PAGES 1 THRU 7                    Page

DEPARTMENT OF TRANSPORTATION · FEDERAL AVIATION ADMINISTRATION          OMB NO. 80-R0184

## SECTION C – EXCLUSIONS

| 26 Classification | Ineligible for Participation (1) | Excluded from Contingency Provision (2) |
|---|---|---|
| a. Extended Warranty Option | $ 3,000 | $ N/A |
| b | | |
| c | | |
| d | | |
| e. | | |
| f. | | |
| g. Totals | $ 3,000 | $ N/A |

## SECTION D – PROPOSED METHOD OF FINANCING NON-FEDERAL SHARE

| 27. Grantee Share | $ |
|---|---|
| a. Securities | |
| b. Mortgages | |
| c. Appropriations (By Applicant) | 75,606 |
| d. Bonds | |
| e. Tax Levies | |
| f. Non Cash | |
| g. Other (Explain) | |
| h. TOTAL – Grantee share | 75,606 |
| 28. Other Shares | |
| a. State | |
| b. Other | |
| c. Total Other Shares | |
| 29. TOTAL | $ *75,606 |

\* Includes $3,000 Non-Eligible costs for Extended Warranty

## SECTION E – REMARKS

The following items are incorporated by reference

1. Exhibit "A"
2. Assurances
3. Plans and Specifiations for AIP Project No. 3-08-0004-05

## PART IV PROGRAM NARRATIVE (Attach – See Instructions)

FAA Form 5100-100 (6-73) SUPERSEDES FAA FORM 5100-10 PAGES 1 THRU 7          FAA AC 75-0232          Page 5

☆ U.S. GOVERNMENT PRINTING OFFICE: 1978-263-

## DEPARTMENT OF TRANSPORTATION
### FEDERAL AVIATION ADMINISTRATION

Page 1 of ___2___ Pages

Contract No. <u>DOT-FA91NM-1075</u>

<u>Boulder Municipal</u> Airport

<u>Boulder, Colorado</u>
(Location)

AMENDMENT NO. ___1___ TO GRANT AGREEMENT FOR PROJECT NO. 3-08-0004-05

WHEREAS, the Federal Aviation Administration (hereinafter referred to as the "FAA") has determined it to be in the interest of the United States that the Grant Agreement between the FAA, acting for and on behalf of the United States, and the <u>City of Boulder, Colorado</u>

_____

_____

(hereinafter referred to as the "Sponsor"), accepted by said Sponsor on the ___20th___ day of ___September___, 19_91_, to be amended as hereinafter provided.

NOW THEREFORE, WITNESSETH:

That in consideration of the benefits to accrue to the parties hereto, the FAA on behalf of the United States, on the one part, and the Sponsor, on the other part, do hereby mutually agree as follows:

That the maximum amount of the obligation of the United States as set forth in said Grant Agreement is hereby increased from $653,454 to $692,277.

That the described airport development now included in said Grant Agreement is hereby revised to add "Credit as the partial local share the donation of sponsor-owned gravel."

The revised description becomes "Relocate eastern portion of parallel taxiway; Rehabilitate T-hanger Apron; Acquire construction easement; Credit as the partial local share the donation of sponsor-owned gravel."

This offer to amend the described airport development and to increase the maximum obligation of the United States shall expire unless this amendment has been accepted by April 10, 1992.

IN WITNESS WHEREOF, the parties hereto have caused this Amendment to said Grant Agreement to be duly executed as of the ___27th___ day of ___March___, 19_92_.

### UNITED STATES OF AMERICA
### FEDERAL AVIATION ADMINISTRATION

By **(b) (6)**

Alan E. Wiechmann,
Title Manager, Denver Airports District Office

FAA FORM 5100-38 PG. 1 (3-78)   SUPERSEDES FAA FORM 5100-14 PG. 1

✩ U.S. GOVERNMENT PRINTING OFFICE: 1978-263-913

Page __2__ of __2__ Pages

Project No. 3-08-0004-05 _____

Boulder Municipal _____ **Airport**

Boulder, Colorado _____
(Location)

City of Boulder, Colorado _____
(Name of Sponsor)



(SEAL)

By (b) (6) _____

Title City Manager _____

Date: March 24, 1992 _____

AEBA

Attest: _____ FOR THE

Title City Clerk _____

## CERTIFICATE OF SPONSOR'S ATTORNEY

I, _____ , acting as Attorney for the City of Boulder, Colorado (hereinafter referred to as "Sponsor") do hereby certify:

That I have examined the foregoing Amendment to Grant Agreement and the proceedings taken by said Sponsor relating thereto, and find that the execution thereof by said Sponsor has been duly authorized and is in all respects due and proper and in accordance with the laws of the State of _____ Colorado _____ , and Regulations of the FAA (14 CFR Part 152) and further that, in my opinion, said Amendment to Grant Agreement constitutes a legal and binding obligation of the Sponsor in accordance with the terms thereof.

Dated at Boulder, Colorado _____ , this 26th day of March _____ 19 92 .

U.S. Department
of Transportation

# Grant Agreement

Federal Aviation
Administration

Part I – Offer

Date of Offer **SEP 1 7** 1991

Boulder Municipal Airport

Project Number: 3-08-0004-05

Contract Number: DOT-FA91NM-1075

To: City of Boulder, Colorado
   (herein called the "Sponsor")

From:   The United States of America (acting through the Federal Aviation Administration, herein
       called the "FAA")

**hereas**, the sponsor has submitted to the FAA a Project Application dated September 12, 1991, for
grant of Federal funds for a project at or associated with the Boulder Municipal Airport which
roject Application, as approved by the FAA, is hereby incorporated herein and made a part hereof;
and

**Whereas**, the FAA has approved a project for the Airport (herein called the "Project") consisting of
the following:

       Relocate eastern portion of Parallel Taxiway; Rehabilitate T-Hangar apron;
       Acquire construction easement,

all as more particularly described in the Project Application.

1

Now therefore, pursuant to and for the purpose of carrying out the provisions of the Airport and Airway Improvement Act of 1982, as amended by the Airport and Airway Safety and Capacity Expansion Act of 1987, herein called the "Act", and/or the Aviation Safety and Noise Abatement Act of 1979, and in consideration of (a) the Sponsor's adoption and ratification of the representations and assurances contained in said Project Application and its acceptance of this offer as hereinafter provided, and (b) the benefits to accrue to the United States and the public from the accomplishment of the Project and compliance with the assurances and conditions as herein provided, **The Federal Aviation Administration, for and on behalf of the United States, hereby offers and agrees** to pay, as the United States share of the allowable costs incurred in accomplishing the Project, 90.00 percent.

This Offer is made on and subject to the following terms and conditions:

### Conditions

1. The maximum obligation of the United States payable under this offer shall be $653,454. For the purposes of any future grant amendments which may increase the foregoing maximum obligation of the United States under the provisions of Section 512(b) of the Act, the following amounts are being specified for this purpose:

   $ – 0 – for planning
   $653,454 for airport development and noise program implementation

2. The allowable costs of the project shall not include any costs determined by the FAA to be ineligible for consideration as to allowability under the Act.

3. Payment of the United States share of the allowable project costs will be made pursuant to and in accordance with the provisions of such regulations and procedures as the Secretary shall prescribe. Final determination of the United States share will be based upon the final audit of the total amount of allowable project costs and settlement will be made for any upward or downward adjustments to the Federal share of costs.

4. The sponsor shall carry out and complete the Project without undue delay and in accordance with the terms hereof, and such regulations and procedures as the Secretary shall prescribe, and agrees to comply with the assurances which were made part of the project application.

5. The FAA reserves the right to amend or withdraw this offer at any time prior to its acceptance by the sponsor.

6. This offer shall expire and the United States shall not be obligated to pay any part of the costs of the project unless this offer has been accepted by the sponsor on or before September 27, 1991; or such subsequent date as may be prescribed in writing by the FAA.

. The sponsor shall take all steps, including litigation if necessary, to recover Federal funds spent fraudulently, wastefully, or in violation of Federal antitrust statutes. or misused in any other manner in any project upon which Federal funds have been expended. For the purposes of this grant agreement, the term "Federal funds" means funds however used or disbursed by the sponsor that were originally paid pursuant to this or any other Federal grant agreement. It shall obtain the approval of the Secretary as to any determination of the amount of the Federal share of such funds. It shall return the recovered Federal share, including funds recovered by settlement, order or judgement, to the Secretary. It shall furnish to the Secretary, upon request, all documents and records pertaining to the determination of the amount of the Federal share or to any settlement, litigation, negotiation, or other efforts taken to recover such funds. All settlements or other final positions of the sponsor, in court or otherwise, involving the recovery of such Federal share shall be approved in advance by the Secretary.

8.  The United States shall not be responsible or liable for damage to property or injury to persons which may arise from, or be incident to, compliance with this grant agreement.

### Special Conditions

9.  The sponsor will carry out the project in accordance with policies, standards, and specifications approved by the Secretary including but not limited to the advisory circulars listed in the "Current FAA Advisory Circulars for AIP Projects," dated July 15, 1991, and included in this grant, and in accordance with applicable state policies, standards, and specifications approved by the Secretary.

10. Unless otherwise approved by the FAA, it will not acquire or permit any contractor or subcontractor to acquire any steel or manufactured products produced outside the United States to be used for any project for airport development or noise compatibility for which funds are provided under this grant. The sponsor will include in every contract a provision implementing this special condition.

11. The sponsor agrees to perform the following:

    a.  Furnish a construction management program to FAA prior to the start of construction which shall detail the measures and procedures to be used to comply with the quality control provisions of the construction contract, including, but not limited to, all quality control provisions and tests required by the Federal specifications. The program shall include as a minimum:

        (1)  The name of the person representing the sponsor who has overall responsibility for contract administration for the project and the authority to take necessary actions to comply with the contract.

        (2)  Names of testing laboratories and consulting engineer firms with quality control responsibilities on the project, together with a description of the services to be provided.

        (3)  Procedures for determining that testing laboratories meet the requirements of the American Society of Testing and Materials standards on laboratory evaluation, referenced in the contract specifications (D 3666, C 1077).

        (4)  Qualifications of engineering supervision and construction inspection personnel.

3

(5)      A listing of all tests required by the contract specifications, including the type and frequency of tests to be taken, the method of sampling, the applicable test standard, and the acceptance criteria or tolerances permitted for each type of test.

(6)      Procedures for ensuring that the tests are taken in accordance with the program, that they are documented daily, that the proper corrective actions, where necessary, are undertaken.

b.      Submit at completion of the project, a final test and quality control report documenting the results of all tests performed, highlighting those tests that failed or did not meet the applicable test standard. The report shall include the pay reductions applied and reasons for accepting any out-of-tolerance material.

The sponsor's acceptance of this Offer and ratification and adoption of the Project Application incorporated herein shall be evidenced by execution of this instrument by the Sponsor, as hereinafter provided, and this Offer and Acceptance shall comprise a Grant Agreement, as provided by the Act, constituting the contractual obligations and rights of the United States and the Sponsor with respect to the accomplishment of the Project and compliance with the assurances and conditions as provided herein. Such Grant Agreement shall become effective upon the Sponsor's acceptance of this Offer.

United States of America
Federal Aviation Administration

(b) (6)

Manager, Denver Airports District Office

## Part II — Acceptance

The Sponsor does hereby ratify and adopt all assurances, statements, representations, warranties, covenants, and agreements contained in the Project Application and incorporated materials referred to in the foregoing Offer and does hereby accept this Offer and by such acceptance agrees to comply with all of the terms and conditions in this Offer and in the Project Application.

Executed this _____ 20th _____ day of _____ September _____, 19 91 .

CITY OF BOULDER, COLORADO



(SEAL)

By: _____ (b) (6) _____

Sponsor's Designated Official Representative

Attest: _____  Title: _____ City Manager (Acting)

Title: _____ Finance Director _____

### Certificate of Sponsor's Attorney

I, _____ Alan Boles _____, acting as Attorney for the Sponsor do hereby certify:

That in my opinion the Sponsor is empowered to enter into the foregoing Grant Agreement under the laws of the State of Colorado. Further, I have examined the foregoing Grant Agreement and the actions taken by said Sponsor relating thereto, and find that the acceptance thereof by said Sponsor and Sponsor's official representative has been duly authorized and that the execution thereof is in all respects due and proper and in accordance with the laws of the said State and the Act. In addition, for grants involving projects to be carried out on property not owned by the Sponsor, there are no legal impediments that will prevent full performance by the Sponsor. Further, it is my opinion that the said Grant Agreement constitutes a legal and binding obligation of the Sponsor in accordance with the terms thereof.

Dated at _____ Boulder _____ this _____ 25th _____ day of _____ September _____, 19 91 .

_____ (b) (6) _____

Signature of Sponsor's Attorney

5

Attachment 4

## SPONSOR CERTIFICATION FOR REAL PROPERTY ACQUISITION

| | | |
|---|---|---|
| __City of Boulder, Colorado__ | __Boulder Municipal__ | __AIP 3-08-0004-05__ |
| Sponsor's Name | Airport | Project Number |

____Taxiway "A" Realignment and T-Hangar Apron Rehabilitation____
Project Description

Section 509(d) of the Airport and Airway Improvement Act of 1982, as amended (herein called the Act), authorizes the Secretary to require certification from sponsors that they will comply with statutory and administrative requirements. The following list of certified items includes major requirements for this aspect of project implementation. However, the list is not comprehensive, nor does it relieve sponsors from fully complying with all applicable statutory and administrative standards. Every certified item must be marked. Each certified item with a "no" response must be fully explained in an attachment to this certification. If the item is not applicable to this project, mark the item "N/A". General requirements on real property acquisition and relocation assistance are in 49 CFR 24. The project Grant Agreement contains specific requirements and assurances on the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, as amended (Uniform Act).

1. Good and sufficient title (is) (will be) held on property in the project. The sponsor's attorney or other official (has prepared) (will prepare) and (has (will have) on file title evidence on the property.

   Yes __X__   No _____   N/A _____

2. If defects and/or encumbrances exist in the title which adversely impact the sponsor's intended use of property in the project, they (have been) (will be) extinguished, modified, or subordinated.

   Yes __X__   No _____   N/A _____

3. If property for airport development (is) (will be) leased, the term is for 20 years or the useful life of the project. The lessor is a public agency and the lease contains no provisions which prevent full compliance with the grant agreement.

   Yes _____   No _____   N/A __X__

4. Property in the project (is) (will be) in conformance with the current Exhibit A (property map). The property map is based on deeds, title opinions, land surveys, the approved airport layout plan, and project documentation.

   Yes __X__   No _____   N/A _____

5. For any acquisition of property interest in noise sensitive approach zones and related areas, property interest (was) (will be) obtained to ensure land is used for purposes compatible with noise levels associated with operation of the airport.

   Yes __X__   No _____   N/A _____

Page 1 of 3

6.  For any acquisition of property interest in runway protection zones and areas related to FAR Part 77 surfaces, property interest (was) (will be) obtained for the right of flight and right of ingress and egress to remove obstructions. Interest (was) (will be) obtained for the right to restrict the establishment of future obstructions.

    Yes _____ No _____ N/A __X__

7.  Appraisals (include) (will include) valuation data to estimate the current market value for the property interest acquired on each parcel and (were) (will be) prepared by qualified real estate appraisers hired by the sponsor. An opportunity (was) (will be) provided the property owner or representative to accompany appraisers during inspections.

    Yes __X__ No _____ N/A _____

8.  Each appraisal (has been) (will be) reviewed by a qualified review appraiser to recommend an amount for the offer of just compensation. The written appraisals and review appraisal are available to FAA for review.

    Yes __X__ No _____ N/A _____

9.  A written offer to acquire each parcel (was) (will be) presented to the property owner for not less than the approved amount of just compensation.

    Yes __X__ No _____ N/A _____

10. Effort (was) (will be) made to acquire each property through negotiation with no coercive action to induce agreement. If negotiation (was (will be) successful, project files (contain) (will contain) supporting documents for settlements.

    Yes __X__ No _____ N/A _____

11. If a negotiated settlement is not reached, condemnation (was) (will be) initiated and a court deposit not less than the just compensation (was (will be) made prior to possession of the property. Project files (contain) (will contain) supporting documents for awards.

    Yes _____ No _____ N/A __X__

12. If displacement of persons, businesses, farm operations, or nonprofit organizations in involved, a relocation assistance program (was) (will be) established. Displaced persons (received) (will receive) general information on the relocation program in writing, notice of relocation eligibility, and a 90-day notice to vacate.

    Yes _____ No _____ N/A __X__

13. Relocation assistance services, comparable replacement housing, and payment of necessary relocation expenses (were) (will be) provided within a reasonable time period for each displaced occupant in accordance with the Uniform Act.

    Yes _____ No _____ N/A __X__

I certify that, for the project identified herein, the responses to the foregoing items are correct as marked, and that the attachments, if any, are correct and complete.

Signed: **(b) (6)**                                                                 Date: 3/19/92
Sponsor's Authorized Representative

Stephen T. Honey, City Manager
Typed Name and Title of Sponsor's Representative

**(b) (6)**

BOULDER PUBLIC WORKS    TEL N  303-441-4210              Sep   91 12:39 No.008 P.01

## LEGAL DESCRIPTION

A 65.00 FOOT STRIP OF LAND FOR A SLOPE EASEMENT LOCATED IN SECTION 22, T1N,R70W, OF THE 6TH P.M.,ALONG THE NORTHERN LINE OF A TRACT OF LAND DESCRIBED ON FILM 1651 AT RECEPTION NUMBER 1074089 IN THE BOULDER COUNTY RECORDS MORE PARTICULARLY DESCRIBED AS FOLLOWS;

COMMENCING AT THE NORTHEAST CORNER OF THE W1/2,NE1/4,OF THE SW1/4,OF SAID SECTION 22 AS DESCRIBED ON FILM 1651 AT RECEPTION NUMBER 1074089;

THENCE N 00°16'17"W, 665.38 FEET ALONG THE EAST LINE OF THE W1/2,SE1/4,NW1/4 OF SECTION 22 TO THE SOUTHEAST CORNER OF THE NORTH 655 FEET OF THE W1/2,SE1/4,NW1/4 OF SAID SECTION 22 AND THE <u>POINT OF BEGINNING</u>;

THENCE N 89°39'33"W, 653.25 FEET ALONG THE NORTH LINE OF SAID PARCEL ON FILM 1651 AT RECEPTION NUMBER 1074089;

THENCE S 00°09'11"E, 65.00 FEET;

THENCE S 89°39'33"E,653.38 FEET TO A POINT ON THE EAST LINE OF THE W1/2,SE1/4,NW1/4 OF SAID SECTION 22;

THENCE N 00°16'17"W, 65.00 FEET ALONG THE SAID EAST LINE OF THE W1/2,SE1/4,NW1/4, OF SECTION 22, TO THE <u>POINT OF BEGINNING</u>.

SAID EASEMENT CONTAINS 42,465 SQ. FT. OR 0.97 ACRES.

AIRPORT SLOPE EASE.

BOULDER PUBLIC WORKS    TEL N   303-441-4210        Sep 1   01 12:39 No.008 P.03

# EXHIBIT



BOULDER PUBLIC WORKS     TEL     .303-441-4210          Sep  .91  12:59 No.008 P.04

## LEGAL DESCRIPTION

A 25.00 FOOT STRIP OF LAND FOR A CONSTRUCTION EASEMENT LOCATED IN
SECTION 22, T1N, R70W, OF THE 6TH P.M., ON A TRACT OF LAND
DESCRIBED ON FILM 1651 AT RECEPTION NUMBER 1074089 IN THE BOULDER
COUNTY RECORDS MORE PARTICULARLY DESCRIBED AS FOLLOWS;

COMMENCING AT THE NORTHEAST CORNER OF THE W1/2,NE1/4, OF THE SW1/4,
OF SAID SECTION 22 AS DESCRIBED ON FILM 1651 AT RECEPTION 1074089;

THENCE N 00°16'17"W, 600.38 FEET ALONG THE EAST LINE OF THE
W1/2,SE1/4,NW1/4 OF SECTION 22, TO THE POINT OF BEGINNING;

THENCE N 89°39'33"W,653.38 FEET;

THENCE S 00°09'11"E, 25.00 FEET;

THENCE S 89°39'33"E, 653.44 FEET, TO A POINT ON THE EAST LINE OF
THE W1/2,SE1/4,NW1/4 OF SAID SECTION 22;

THENCE N 00°16'17"W, 25.00 FEET ALONG SAID EAST LINE TO THE POINT
OF BEGINNING.

SAID EASEMENT CONTAINS 16,335 SQUARE FEET OR 0.37 ACRES.

AIRPORT CONST. EASE.

BOULDER PUBLIC WORKS    TEL    303-441-4210    Sep 91 12:39 No.008 P.05

# EXHIBIT

NORTH PARCEL LINE
FILM 1651, RCPTN NO. 1074089

(65' PERM. SLOPE ESMT.)
N 89°39'33"W   653.38'

S 89°39'33"E   655.44'

P.O.B.

LAKECENTRE

PROPOSED 25' CONST. EASEMENT

| LINE | BEARING | DISTANCE |
|------|---------|----------|
| L 1 | S 00°09'11"E | 25.00' |
| L 2 | N 00°16'17"W | 25.00' |

N 00°16'17"W   600.38'

EAST LINE OF
W1/2, SE1/4, NW1/4 OF
SEC. 22, T1N, R70W

N

NE COR OF W1/2, NE1/4,
SW1/4, SEC. 22, T1N, R70W

SCALE: 1" = 200'